HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALAN RODGERS,<br><br>        Plaintiff,<br><br>   v.<br><br>THURSTON COMMUNITY TELEVISION*, et al.*,<br><br>        Defendants. | CASE NO. C14-5735 RBL<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |

THIS MATTER is before the Court on Plaintiff Rodgers' Motion for Court-Appointed Counsel [Dkt. #8]. Plaintiff is *pro se*, and he has been granted *in forma pauperis* status. He has sued Thurston County Community Television and its employees for sexual harassment, and for back wages based on his claim that at some point he became an employee (and not a volunteer, though he concedes he was initially a volunteer).

Rodgers claims that Defendant Peter Epperson (a station employee) pressured him to be a volunteer, but also promised him pay, and "made him perform tasks beyond his abilities." Rodgers also claims that Epperson made "uncomfortable sexual advances" and "encouraged" him to "date and otherwise sexually engage female coworkers."

Rodgers also sues the EEOC and the Washington Human Rights Commission, apparently for failing to find that he was harassed or that he was in fact an employee. He has also sued a variety of other defendants for their perceived roles in the acts of which he complains—for example, he named the Olympia School District because some of the conduct took place on their school grounds.

Plaintiff Rodgers admits that he was a volunteer:

> After inquiring at TCTV as to past assurances that I would be compensated I was told that, TCTV is a none-profit and therefore does not have to pay any body they consider a 'volunteer'. I have in past years happily volunteered at TCTV. However since the month long, March 2009, "Trial Work Period" set up by Washington State Division of Vocational Rehabilitation (NOT "TRIAL WORK PERIOD" as defined by the Social Security Administration) I have not been a willing "volunteer." I have continued taking classes offered by TCTV and have upon occasion 'helped' on projects that TCTV staff members have asked me for help on, AS THEIR FRIEND. Never more than an hour or two at neither a time, nor more than a day or two at a time.

Plaintiff also claims that he suffers from multiple and severe disabilities:

1. Physical: Polyneuropathy and other nerve damage. Constant, chronic and debilitating pain.
2. Cognitive: I lack or have extreme impairment in the areas of "Executive Functions'. Planning, details and follow-through.
3. Emotional: Diagnosed with both borderline personality disorders and bipolar disorder. This has historically precluded ongoing relationships including family and friends with the constant confusion of where I end and you begin: Lacking in healthy, workable social and personal boundaries.

Rodgers references TITLE VII, the ADA GINA and the ADEA but does not tie any of his factual complaints to the substance of any of those causes of action. He seeks a "cash award"

ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL - 2

for back wages, pain, and mental and emotional distress. Rodgers claims he is not an attorney, and asks the Court to provide one for him.

An indigent plaintiff in a civil case has no constitutional right to counsel unless he may lose his physical liberty if he loses the litigation. *See Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981). However, pursuant to 28 U.S.C. § 1915(e)(1), the Court has discretion to appoint counsel for indigent litigants who are proceeding *in forma pauperis*. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

The Court will appoint counsel only under "exceptional circumstances." *Id.*; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331 (internal quotations omitted). These factors must be viewed together before reaching a decision on whether to appoint counsel under § 1915(e)(1). *Id.*

There is, of course, some tension between these factors. Rodgers can articulate the facts he alleges in support of his wage, sexual harassment, and disability claims, but he has not shown that he can articulate a cognizable legal claim based on those facts. Rodgers cannot demonstrate any likelihood of success on the merits of the claims he has asserted—he was barely able to avoid a determination that the claims were frivolous in applying for *in forma pauperis* status. His wage claim depends on a determination that he was an employee, which he admits he was not. Rodgers even implicitly suggests that he was not employ*able* due to his multiple, severe disabilities. Rodgers' sexual harassment claim is facially insufficient—Epperson's "encouraging him to date" is not actionable. And his claims against the EEOC for failing to agree that he was

1 | an employee entitled to back pay, or that he was harassed, are similarly without merit. The legal
2 | or factual basis for Rodgers' claims against the remaining defendants is not articulated, at all.

3 |     Rodgers' Motion for Court-appointed counsel [Dkt. #8] is DENIED.

4 |     IT IS SO ORDERED.

5 |     Dated this 13th day of May, 2015.

*[signature: Ronald B. Leighton]*

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE